**Richard HELLER, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 08–0084–cv.**

United States Court of Appeals, Second Circuit.

July 7, 2009.

Richard Heller, pro se.

Arthur Swerdloff, Barbara L. Spviak, for Andrew T. Baxter, Acting United States Attorney for the Northern District

---

** The Honorable Miriam Goldman Cedarbaum of the United States District Court for the Southern District of New York, sitting by designation.

of New York, Syracuse, NY, for Defendant–Appellee.

PRESENT: B.D. PARKER,
RICHARD C. WESLEY, Circuit Judges,
MIRIAM GOLDMAN CEDARBAUM,
District Judge.*

## SUMMARY ORDER

Richard J. Heller appeals from the judgment of the Northern District of New York (Kahn, *J.*) granting the Commissioner of Social Security's motion to dismiss Heller's challenge to his disability determination. We assume the parties' familiarity with the factual and procedural history of this case, as well as the issues on appeal.

We affirm. First, Heller's brief, even read broadly, does not address the district court's standing determination; thus, this issue is waived. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir. 1995) (explaining that when a litigant does not raise an issue on appeal, he abandons that issue, even if he is *pro se*). Even if the standing determination wasn't waived, however, Heller's claim would still fail because he received a fully favorable decision from the Commissioner. We have long held that our judicial review over Social Security determinations pursuant to 42 U.S.C. § 405(g) "makes no provision for judicial review of a determination favorable to the complainant." *Jones v. Califano,* 576 F.2d 12, 19 (2d Cir.1978); *see also Wheeler v. Heckler,* 719 F.2d 595, 600 (2d Cir.1983).

We have considered the Plaintiff–Appellant's remaining contentions and find them without merit. For the foregoing reasons,

---

* The Honorable Miriam Goldman Cedarbaum of the United States District Court for the Southern District of New York, sitting by designation.

we AFFIRM the judgment of the district court.